IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MIINA SAWO,

        Plaintiff,

v.                                Case No. 11-cv-2232-JTM-GLR

DRURY HOTELS COMPANY, LLC,

        Defendant.

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion to Strike (ECF No. 6). Pursuant to Fed. R. Civ. P. 12(f), Defendant seeks to strike allegations in paragraph 12 of the complaint. For the reasons set out below, the Court denies the motion.

**I.**     **Nature of the Matter Before the Court**

On April 20, 2011, Plaintiff Miina Sawo commenced this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5, against defendant Drury Hotels Company, LLC.[1] He alleges that Defendant discriminated against him on the basis of his race, color, and/or national origin when it failed to promote him to a General Manager position.[2] He further alleges that Defendant discharged him in retaliation for complaining about discrimination.[3] In paragraphs 12 and 13 of the complaint, he alleges

> 12. In or around the end of July, 2009 or the beginning of August, 2009, Defendant decided to terminate Plaintiff's employment. In terminating Plaintiff's employment, Defendant offered to pay Plaintiff wages and benefits through August

---

[1] *See* Compl. (ECF No. 1).

[2] *Id.* ¶¶ 5-8.

[3] *Id.* ¶¶ 9-13.

31, 2009 on the condition that Plaintiff sign a Voluntary Resignation and General Release wherein Plaintiff would have to discharge Defendant from any and all liability for any type of claim related to Plaintiff's employment with Defendant, including "any employment practice, custom, or policy of [Defendant]." Specifically, the Voluntary Resignation and General Release that Defendant asked Plaintiff to sign provided that Plaintiff would release and discharge Defendant from any claims that have been or could be asserted under:

> "(a) the common law of the State of Kansas; (b) Title VII of the Civil Rights Act of 1964, as amended; (c) the Kansas Act Against Discrimination; (d) the Kansas Age Discrimination in Employment Act; (e) the Age Discrimination in Employment Act, including the Older Workers' Benefit Protection Act; (f) the Civil Rights Act of 1866; (g) the Americans with Disabilities Act; (h) the Civil Rights Act of 1991 . . . [and] (k) any other federal, state or local law, constitution, regulation, ordinance, decision or common law claim concerning employment, wages, discrimination in employment, or termination in employment . . ."

If Plaintiff chose not to sign the Voluntary Resignation and General Release, Plaintiff's employment would be deemed to have terminated July 13, 2009, and Plaintiff would receive no wages or benefits after that date.

13. Based on the foregoing, and on information and belief, Defendant's reason for terminating Plaintiff-i.e., allegations that he had altered customer e-mails and violated company technology policies-was not legitimate, and instead Defendant's ulterior motive in terminating Plaintiff was to retaliate against Plaintiff[] for his various complaints of discrimination heretofore described, and to shield itself from liability therefore, in violation of the Civil Rights Act of 1964, as amended.

Defendant filed an answer (ECF No. 5) to the complaint and the instant motion to strike on June 24, 2011. Plaintiff has responded to the motion.[4] Defendant has not filed a reply brief. The motion is ripe for ruling.

## II.     Parties' Arguments

Defendant seeks to strike allegations in paragraph 12 of the complaint on grounds they are immaterial, impertinent, and inadmissible under Fed. R. Evid. 408 as "a compromise or offer to

---

[4]*See* Pl.'s Mem. Opp'n Def.'s Mot. Strike ("Resp.") (ECF No. 8).

compromise."[5] It contends that the probative value of paragraph 12 is outweighed by its prejudicial effect.[6] Plaintiff opposes the motion on grounds it is untimely and that Defendant has stated no adequate basis to strike the allegations under Rule 12(f).[7]

### III. Applicable Law

Rule 12(f) of the Federal Rules of Civil Procedure provides that courts may order stricken from any pleading "any redundant, immaterial, impertinent, or scandalous matter." The rule grants courts the discretion to act on their own initiative or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."

Courts generally disfavor the "drastic remedy" of striking pleadings or parts thereof because

---

[5]Def.'s Mem. Supp. Mot. Strike ("Mem. Supp.") (ECF No. 7) at 3-4. Rule 408, titled "Compromise and Offers to Compromise", provides:
(a) Prohibited uses.--Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:

> (1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim; and

> (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

(b) Permitted uses.--This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

[6]Mem. Supp. at 3.

[7]Resp. at 2-8.

compromise."[5] It contends that the probative value of paragraph 12 is outweighed by its prejudicial effect.[6] Plaintiff opposes the motion on grounds it is untimely and that Defendant has stated no adequate basis to strike the allegations under Rule 12(f).[7]

### III. Applicable Law

Rule 12(f) of the Federal Rules of Civil Procedure provides that courts may order stricken from any pleading "any redundant, immaterial, impertinent, or scandalous matter." The rule grants courts the discretion to act on their own initiative or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."

Courts generally disfavor the "drastic remedy" of striking pleadings or parts thereof because

---

[5]Def.'s Mem. Supp. Mot. Strike ("Mem. Supp.") (ECF No. 7) at 3-4. Rule 408, titled "Compromise and Offers to Compromise", provides:
(a) Prohibited uses.--Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:

> (1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim; and

> (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

(b) Permitted uses.--This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

[6]Mem. Supp. at 3.

[7]Resp. at 2-8.

parties often move to strike "as a dilatory tactic."[8] Courts should strike material from a pleading only when the material may be prejudicial to a party and lacks any "possible relation to the controversy."[9] Doubt as to the utility of the material is resolved against the movant.[10] Striking material should further the purpose of Rule 12(f) "to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial."[11] The party seeking to strike a pleading or part thereof has a "'demanding' burden" to show adequate grounds under Rule 12(f).[12] Whether to strike a matter under Rule 12(f) is within the sound discretion of the Court.[13]

**IV.    Analysis**

Defendant has not carried its burden to show that paragraph 12 lacks any possible relation to the matters raised in this case or that it will be prejudiced if the Court does not strike it from the complaint. As Plaintiff points out, furthermore, the purpose of paragraph 12 appears in paragraph 13, i.e., to show that Defendant's proffered reason for terminating him was merely a cover for retaliation.[14] Consequently, the Court does not find paragraph 12 immaterial or impertinent to this case.

---

[8]*Bowers v. Mortg. Elec. Registration Sys.*, No. 10-4141-JTM-DJW, 2011 WL 2149423, at *2 (D. Kan. June 1, 2011).

[9]*Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202*, 475 F. Supp. 2d 1092, 1101 (D. Kan. 2007).

[10]*Id.*

[11]*See id.*

[12]*Roderick Revocable Living Trust v. XTO Energy, Inc.*, No. 08-1330-JTM, 2009 WL 603641, at *2 (D. Kan. Mar. 9, 2009).

[13]*Geer v. Cox*, 242 F. Supp. 2d 1009, 1025 (D. Kan. 2003).

[14]Resp. at 4.

Defendant relies on Fed. R. Evid. 408 to obtain an advance ruling as to the admissibility of evidence relevant to paragraph 12.  The issue on a Rule 12(f) motion, however, is not admissibility of evidence at trial, but rather immateriality, impertinence, and scandalousness of allegations in the complaint.[15]  Rule 408 disputes are more appropriately resolved in the context of a motion in limine instead of prematurely through a Rule 12(f) motion.[16]  Rule 408, moreover, does not mandate exclusion of evidence of a compromise or offer to compromise for all purposes, but only "when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction."[17]  Plaintiff has stated an arguably permissible use for paragraph 12 outside of the uses prohibited by Rule 408(a).  If there is a doubt as to the utility of paragraph 12, the doubt is resolved against the Rule 12(f) movant.  Its admissibility as evidence, of course, remains for the trial judge to determine.

For all of these reasons, the Court declines to strike paragraph 12.[18]

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike (ECF No. 6) is denied.

Dated in Kansas City, Kansas on this 15th day of August, 2011.

S/ Gerald L. Rushfelt
Gerald L. Rushfelt
U.S. Magistrate Judge

---

[15] *Lane v. Endurance Am. Specialty Ins. Co.*, No. 10-401-MOC-DCK, 2011 WL 1343201, at *3 (W.D.N.C. Apr. 8, 2011); *Goodman Distribution, Inc. v. Haaf*, No. 4:10-CV-806-CAS, 2010 WL 4117379, at *10 (E.D. Mo. Oct. 19, 2010).

[16] *Lane*, 2011 WL 1343201, at *4.

[17] *See* Fed. R. Evid. 408.

[18] The Court need not address whether Defendant timely filed the motion to strike, because the motion fails on its merits.